IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                    )
CAMERON RAYMOND,                    )
                                    )
                    Plaintiff,      )
v.                                  ) Civ. No. 15-00212 ACK-RLP
                                    )
WILCOX MEMORIAL HOSPITAL,           )
                                    )
                    Defendant.      )
_____)

# ORDER GRANTING DEFENDANT WILCOX MEMORIAL HOSPITAL'S MOTION TO STAY ENFORCEMENT OF JUDGMENT AND FOR DETERMINATION AND APPROVAL OF SUPERSEDEAS BOND

For the reasons set forth below, the Court GRANTS Defendant Wilcox Memorial Hospital's Motion to Stay Enforcement of Judgment and for Determination and Approval of Supersedeas Bond, ECF No. 472.

## BACKGROUND

On June 5, 2015, Plaintiff Cameron Raymond ("Plaintiff") filed a ten-count Complaint against nine named defendants and numerous Doe defendants. Compl., ECF No. 1. Following the voluntary dismissal of two defendants,[1] a

---

[1] Plaintiff voluntarily dismissed defendants Thomas Hemingway and Dallen Johns on October 6, 2015. ECF No. 7.

1

stipulation,[2/] the disposition of four motions by defendants,[3/] the death of one defendant,[4/] and a settlement,[5/] Defendant Wilcox Memorial Hospital ("Defendant") was the only remaining defendant, and Plaintiff's claims of assault, battery, and intentional infliction of emotional distress ("IIED") the only

---

[2/] Plaintiff, defendant County of Kaua`i, and defendant Wilcox Memorial Hospital stipulated on June 16, 2017, that the claims Plaintiff had asserted against "County of Kaua`i, Kauai Police Department," see generally Compl., were against the County of Kaua`i and not the Kaua`i Police Department. ECF No. 163.
[3/] In its June 26, 2017 Order (1) Granting in Part and Denying in Part Defendant County of Kaua`i's Motion for Judgment on the Pleadings or Alternatively Summary Judgment to Which Defendants Perry, Sarsona, Kim, and Wakumoto Have Filed a Joinder and (2) Granting in Part and Denying in Part Defendant Wilcox Memorial Hospital's Motion for Summary Judgment ("June 26, 2017 Order"), ECF No. 164, the Court dismissed Plaintiff's claims against the Doe defendants without prejudice, id. at 16–17, 56. Defendant County of Kaua`i filed a motion to dismiss with prejudice all claims that the June 26, 2017 Order had dismissed without prejudice. ECF No. 168. The Court, in granting that motion, also dismissed with prejudice Plaintiff's claims against the Doe defendants. ECF No. 173. In August 2018, due to the parties' evident uncertainty regarding which claims remained, the Court issued two minute orders clarifying its June 26, 2017 Order. ECF Nos. 244, 302.
[4/] On November 9, 2017, counsel for defendant Jerald Kim filed a suggestion of death indicating that his client had passed away in October 2016. ECF No. 187. The Court dismissed Plaintiff's claims against Jerald Kim on August 18, 2018. ECF No. 244.
[5/] Plaintiff reached a settlement with defendants County of Kaua`i, Darryl D. Perry, Isaiah Sarsona, and Sandy Wakumoto, see ECF No. 314-1 at 1, and on October 23, 2018, those defendants filed a motion for determination of good faith settlement, ECF No. 314. On November 30, 2018, Magistrate Judge Puglisi issued his findings and recommendation that the motion be granted. ECF No. 321. The Court adopted the Magistrate Judge's findings and recommendation on December 21, 2018, ECF No. 328, and the relevant defendants were dismissed with prejudice on January 3, 2019, ECF No. 331.

remaining claims.[6] [7] Plaintiff's claims arose out of events that took place on June 5 and 6, 2013. See Compl. ¶ 29. Plaintiff alleged that, following his detention by Kaua`i Police Department officers and involuntary transportation to Wilcox Memorial Hospital, see id. ¶ 45, 50, he was injected with Geodon and haloperidol decanoate ("Haldol") against his will, id. ¶¶ 72–78, and suffered a number of ill effects, id. ¶¶ 79–80, 94, 97–103, 110.

---

[6] Plaintiff originally asserted, in addition, claims arising under § 1983, as well as claims of negligence, false imprisonment, medical negligence, and negligent infliction of emotional distress ("NIED") against Defendant. See generally Compl. In its June 26, 2017 Order, the Court granted Defendant's motion for summary judgment as to all of these claims, but denied Defendant's motion as to Plaintiff's claims for assault, battery, and IIED. June 26, 2017 Order at 42–55.

[7] The Court had original jurisdiction over this matter due to Plaintiff's assertion of federal claims, 28 U.S.C. § 1331; see Compl. ¶¶ 111–27 (asserting claims under 42 U.S.C. § 1983), and to the fact that his other claims were "so related . . . that they form[ed] part of the same case or controversy[,]" 28 U.S.C. § 1367(a). Although the June 26, 2017 Order disposed of a number of Plaintiff's claims, a § 1983 claim against a now-dismissed defendant survived. June 26, 2017 Order at 21–23.

Trial in this matter was scheduled to commence on August 28, 2018, Amended Rule 16 Scheduling Order, ECF No. 184 ¶ 1, but was continued on the motion of now-dismissed defendants, see ECF No. 305. As iterated above, those defendants reached a settlement with Plaintiff in October 2018, see ECF No. 314, and, in January 2019, were dismissed from this action with prejudice, ECF No. 331, along with the only remaining federal claim.

The Court, having considered the factors of judicial economy, convenience, fairness, and comity, exercised its discretion to retain jurisdiction over the remaining state-law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

Following jury selection on March 12, 2019, ECF No. 436, jury trial in this matter took place on March 13-15 and 20-21, 2019, ECF Nos. 437, 438, 440, 455, 456.  On March 18, 2019, Defendant filed a motion for judgment as a matter of law, ECF No. 444, to which Plaintiff filed an opposition the following day, ECF No. 453.  The Court heard oral argument on the motion on March 20, 2019, ECF No. 455, but declined to rule thereon until after the verdict had been rendered.  The jury deliberated on March 21 and 22, 2019, ECF Nos. 456, 461, and on March 22, 2019, returned a verdict in favor of Plaintiff, ECF Nos. 461, 463.  Finding Defendant liable for assault, battery, and IIED, the jury awarded Plaintiff $722,600, comprising $297,600 in compensatory damages[8] and $425,000 in punitive damages.  ECF No. 463.

On April 16, 2019, the Court issued an order denying Defendant's motion for judgment as a matter of law.  ECF No. 470.  Also on April 16, 2019, the Judgment was entered in Plaintiff's favor in the amount of $722,600 in accordance with the jury's verdict.

On April 22, 2019, Defendant filed the instant Motion to Stay Enforcement of Judgment and for Determination and

---

[8] The jury found that Plaintiff had suffered $22,000 in special damages and $350,000 in general damages, ECF No. 463 at 4, but also found that Plaintiff had failed to mitigate damages in the amount of $74,400, id. at 7.

4

Approval of Supersedeas Bond ("Motion"), ECF No. 472, together with a memorandum in support, ECF No. 472-1. Attached to the Motion was a copy of a surety bond in the amount of $867,120—i.e., 120% of the amount of the verdict. Declaration of Edquon Lee ("Lee Decl."), ECF No. 472-2 ¶¶ 4, 5; Surety Bond, ECF No. 472-5.

The Court issued a minute order on April 23, 2019, designating the Motion as a non-hearing motion pursuant to Local Rule 7.2 and directing that any opposition to the Motion be filed by April 30, 2019, with any reply being due by noon on May 3, 2019. ECF No. 473. Plaintiff did not file an opposition.

## STANDARD

Federal Rule of Civil Procedure ("Rule") 62(a) provides that, absent a court order to the contrary, and as pertinent here,[9] "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry[.]"

Under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

---

[9] Rule 62(a)'s dictates apply "[e]xcept as provided in Rule 62(c) and (d)." Rule 62(a). Rule 62(c) and (d) concern injunctions, receiverships, and patent accounting errors. Rule 62(c), (d).

5

"The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." <u>Rachel v. Banana Republic, Inc.</u>, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (citation omitted); see also <u>NLRB v. Westphal</u>, 859 F.2d 818, 819 (9th Cir. 1988) ("The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.").

"District courts have inherent discretionary authority in setting supersedeas bonds; review is for an abuse of discretion." <u>Rachel</u>, 831 F.2d at 1505 n.1 (citation omitted). Courts frequently require a supersedeas bond for the amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay. 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed., Apr. 2019 Update).

## **DISCUSSION**

Defendant moves to stay enforcement of the Judgment pending disposition of its post-trial motions and any subsequent appeal from the Judgment. Mem. in Supp. at 3.[10/] "To secure

---

[10/] The Memorandum in Support indicates that Defendant "intends to timely file a Renewed Motion for Judgment as a Matter of Law and Alternatively for a New Trial . . . and possibly other post-trial motions as well. [Defendant] further reserves the right to file a Notice of Appeal, if necessary." Mem. in Supp. at 2.

Plaintiff's interest in the Judgment pending resolution of post-trial motions and an appeal, [Defendant] has obtained a surety bond in the amount of $867,120[.]" Id. at 4; see also Surety Bond.

Having carefully considered the circumstances, and in light of the absence of any opposition by Plaintiff, the Court finds that the amount of the surety bond—120% of the amount of the Judgment—is sufficient to account for the accruing interest on the amount owed to Plaintiff, as well as the costs of any appeal and damages for delay. See, e.g., Alday v. Raytheon Co., No. CV 06-32 TUC DCB, 2008 WL 11441996, at *2 (D. Ariz. Sept. 10, 2008) (finding a supersedeas bond of 120% of the $1,727,431.80 judgment sufficient); United States v. Cowan, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008) (setting the amount of a supersedeas bond at 120% of the $297,791.24 judgment "to take into account additions of interest, costs of appeal, [and] damages for delay").

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Wilcox Memorial Hospital's Motion to Stay Enforcement of Judgment and for Determination and Approval of Supersedeas Bond, ECF No. 472. Defendant is directed to file the original surety bond with the Clerk of Court. Upon the filing of the bond, enforcement of the Judgment will be STAYED pending disposition of Defendant's further post-trial motions and any subsequent appeal from the Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, May 2, 2019.

_____
Alan C. Kay
Sr. United States District Judge

Raymond v. Wilcox Mem'l Hosp., Civ. No. 15-212 ACK-RLP, Order Granting Defendant Wilcox Memorial Hospital's Motion to Stay Enforcement of Judgment and for Determination and Approval of Supersedeas Bond.