IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAMERON RAYMOND, | ) | CIVIL NO. 15-00212 ACK-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | CAMERON RAYMOND'S |
| WILCOX MEMORIAL HOSPITAL, | ) | MOTION FOR TAXABLE COSTS |
| | ) | AND STAY THE TAXATION OF |
| Defendant. | ) | COSTS |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART CAMERON RAYMOND'S MOTION
FOR TAXABLE COSTS AND STAY THE TAXATION OF COSTS

Before the Court is Plaintiff Cameron Raymond's Motion for Taxable Costs,[1] filed on April 30, 2019 (Motion). ECF No. 474. Plaintiff requests an award of $5,022.71 in costs as the prevailing party in this action under Federal Rule of Civil Procedure 54. Id. On May 13, 2019, Defendant Wilcox Memorial Hospital filed its Objections asking the Court to stay its determination regarding

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

costs until after the resolution of all post-judgment motions and any appeals. ECF No. 480. Plaintiff filed his Reply on May 21, 2019. ECF No. 484. A hearing was held on the Motion on May 28, 2019. ECF No. 485.

The Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART and that the taxation of costs be STAYED pending the resolution of all post-judgment motions and any appeals.

## DISCUSSION

On April 16, 2019, the Clerk entered judgment in favor of Plaintiff based on the jury verdict awarding Plaintiff $722,600.00 in damages. ECF Nos. 463, 471. The district court then granted Defendant's motion to stay enforcement of that money judgment on May 2, 2019. ECF No. 476. The matter of Plaintiff's costs did not arise at the time of Defendant's motion to stay. Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In the present Motion, Plaintiff requests $5,022.71 in costs as the prevailing party in this action under Rule 54. Id.

**A. The Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.**

It is undisputed that Plaintiff is the prevailing party following the jury's verdict under Rule 54. See ECF No. 480 at 2. As the prevailing party,

2

Plaintiff is entitled to recover the taxable costs enumerated in 28 U.S.C. § 1920, including:

> 1. Fees of the clerk and marshal;
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> 3. Fees and disbursements for printing and witnesses;
> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
> 5. Docket fees under section 1923 of this title;
> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Each category of costs requested by Plaintiff is addressed below.

### 1. Copying Costs

Plaintiff requests $2,298.00 in copying costs. See ECF No. 474-4. Section 1920(4) allows for taxation of costs for "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Pursuant to Local Rule 54.2(f)(4), the party requesting costs must provide an affidavit describing "the use of or intended purpose for the items copied." LR54.2(f)(4). Local Rule 54.2(f)(4) specifically provides that the cost of copies "obtained for the use and/or convenience of the party seeking recovery and its counsel is *not taxable*." LR54.2(f)(4) (emphasis added).

Plaintiff provided a breakdown of the copying costs as required by Local Rule 54.2(f)(4). ECF No. 474-4. The breakdown sets out that copies were used for "filing" and for the "master case file," and sometimes both. Id. During the hearing, Plaintiff's counsel clarified that the copies noted for "filing" referred to those provided as courtesy copies to the Court and that copies noted for "master case file" were a hard copy case file used by Plaintiffs' counsel. The Court finds that the costs requested for the "master case file" are not recoverable because these copies were for the use and convenience of Plaintiff's counsel. See LR54.2(f)(4).[1] Accordingly, the Court FINDS that $1,143.95 of the $2,298.00 requested for copying costs are not taxable.

The Court finds that the copies noted for "filing" are recoverable because these documents were provided to the Court in as courtesy copies or were copies of documents lodged with the Court in connection with motions to file documents under seal. Further, the Court finds that the copying costs related to Plaintiff's trial exhibits, which were submitted to the Court in hard copy, are also taxable. In total, the Court FINDS that Plaintiff is entitled to recover $1,154.05 for

---

[1] Plaintiff's counsel stated during the hearing that in the breakdown provided single copies of a document were for the master file and that multiple copies of a document were for courtesy copies. Based on this explanation, the Court deducted the cost of the single copies, but allowed the cost of the multiple copies for the entries in the breakdown that listed as both "filing" and "master case file." See ECF No. 474-4.

4

copying costs as reduced from $2,298.00.

### 2. Service of Process Fees

Plaintiff requests $168.43 in costs related to serving trial subpoenas on three witnesses. ECF No. 474-1 at 7. Local Rule 54.2(f)(1) provides that costs for service of subpoenas are allowable "to the extent they are reasonably required." LR54.2(f)(2). Because these witnesses appeared and provided testimony at trial, the Court FINDS that Plaintiff is entitled to costs of $168.43 for service of process fees.

### 3. Witness Fees

Both daily witness fees and mileage fees are recoverable as taxable costs under 28 U.S.C. § 1920(3). See 28 U.S.C. § 1920(3); LR54.2(f)(3) ("Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."). Plaintiff asks the Court to award witness and mileage fees in the amount of $172.66, which were the fees tendered by check[2] to Plaintiff's three subpoenaed trial witnesses. ECF No. 474-1 at 8. The Court FINDS that Plaintiff is entitled to costs of $172.66 for

---

[2] In Plaintiff's counsel's Supplemental Declaration, counsel states that two of these witnesses have not cashed their witness fee checks. ECF No. 478 at 2-3. During the hearing, Plaintiff's counsel confirmed that two witnesses have not cashed the checks provided to them, but also stated that the checks have not yet expired. Although the witnesses have not yet cashed the checks provided, Plaintiff tendered these fees to the trial witnesses and these witnesses appeared and provided testimony at trial.

witness and mileage fees.

### 4. Travel Costs

Pursuant to 28 U.S.C. § 1821, certain travel expenses for witnesses may be taxed as costs under 28 U.S.C. § 1920.  See 28 U.S.C. § 1821(c)(4); see also LR54.2(f)(3).  Here, Plaintiff requests travel costs in the amount of $290.34 for trial witness Dr. Goldberg.  ECF No. 474 at 8-9.  These costs include airfare, parking, and transportation to and from the airport.  Id.  The Court FINDS that Plaintiff is entitled to costs of $290.34 for Dr. Goldberg's travel.

### 5. Trial Transcript Fees

Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Here, Plaintiff seeks costs of $2,055.28 for trial transcripts used in preparing Plaintiff's response to Defendant's motions for judgment as a matter of law and for a new trial.  ECF No. 474-1 at 10-11.  The Court FINDS that these transcripts were necessarily obtained for use in the case and that Plaintiff is entitled to costs of $2,055.28 for trial transcript fees.

### 6. Fees Paid to the Court for Copies of Juror Information Cards

Under 28 U.S.C. § 1920(1), a party can recover fees paid to the clerk. Plaintiff asks for an award of costs of $38.00 for the fees paid to the Court for copies of juror information cards.  The costs are taxable as fees of the clerk.  See

Komperda v. Hilton Hotels Corp., Civil No. 08-00422 HG-LEK, 2010 WL 3489594, at *11 (D. Haw. Aug. 31, 2010) (recommending that the district court award costs related to juror cards). The Court FINDS that Plaintiff is entitled to costs of $38.00 for fees related to juror information cards.

### 7. Total Costs

In total, the Court finds that Plaintiff is entitled to $3,878.76 in taxable costs, which includes the following: $1,154.05 for copying, $168.43 for service of process fees, $172.66 for witness and mileage fees, $290.34 for Dr. Goldberg's travel, $2,055.28 for trial transcript fees, and $38.00 for fees related to juror information cards.

**B. The Court FINDS AND RECOMMENDS that the Taxation of Costs be STAYED Pending the Resolution of All Post-Judgment Motions and Appeals.**

A court has broad discretion to stay proceedings incident to the court's power to control its own docket. See Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). The court must weigh the competing interests affected in the granting or denying of a request for stay. See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). These interests include: (1) the possible damage that may result from the granting of a stay; (2) the hardship that a party may suffer in being required to go forward; and (3) the

7

orderly course of justice measured in terms of simplifying or complicating the issues as a result of the stay.  Id. (citing Landis, 299 U.S. at 254-55); see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

   In considering these factors, the Court finds that a stay of the taxation of costs here is appropriate.  First, although staying the taxation costs may delay payment to Plaintiff's pro bono counsel, counsel stated during the hearing that Plaintiff did not object to a stay of the taxation of costs.  Second, staying the taxation of costs at this time would lessen the potential hardship on Defendant.  Lastly, staying the taxation of costs will allow the parties to determine with finality which party is the prevailing party for purposes of taxing costs and allow the Court to include additional costs incurred by the prevailing party.  Based on these considerations, the Court FINDS AND RECOMMENDS that the taxation of costs be STAYED pending the resolution of all post-judgment motions and any appeals.

CONCLUSION

   Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's request for $3,878.76 in costs, DENY the remaining costs requested at this time, and STAY that the taxation of costs pending the resolution of all post-judgment motions and any appeals.

\\\

\\\

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 29, 2019.



Wes Reber Porter
United States Magistrate Judge

**RAYMOND V. WILCOX MEMORIAL HOSPITAL; CIVIL NO. 15-00212 ACK-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART CAMERON RAYMOND'S MOTION FOR TAXABLE COSTS AND STAY THE TAXATION OF COSTS**